[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
09/15/98
THOMAS K. KAHN
CLERK

_____

No. 98-2229
Non-Argument Calendar
_____

D. C. Docket Nos. 95-1575-Civ-T-24B, 95-1947-Civ-T-24B,
96-2603-Civ-T-24B, 97-197-Civ-T-24B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

489 CASES SHRIMP, packed by Zhousban
Import and Export Corporation of
Zhejiang, China,

Defendant,

SIGMA INTERNATIONAL, INC.,

Claimant-Appellant.

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

462,000 POUNDS OF FROZEN SHRIMP,
Located anywhere on the premises
of Sigma International, Inc.,
333 16th Avenue S., St. Petersburg,
Florida,

Defendant,

SIGMA INTERNATIONAL, INC.,

Claimant-Appellant.

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                              versus

6,343 CASES SHRIMP, Located at Sigma
International, Inc., 333 16th Avenue
South, St. Petersburg, Florida,

                                        Defendant,

SIGMA INTERNATIONAL, INC.,

                                        Claimant-Appellant.


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                              versus

900 CASES SHRIMP, Located at Sigma
International, Inc., 333 16th Avenue
South, St. Petersburg, Florida,

                                        Defendant,

SIGMA INTERNATIONAL, INC.,

                                        Claimant-Appellant.

                    _____

            Appeal from the United States District Court
                 for the Middle District of Florida
                    _____
                      (September 15, 1998)

Before BLACK and HULL, Circuit Judges, and FAY, Senior Circuit
     Judge.

PER CURIAM:

     The question presented is whether or not the district court abused its discretion in requiring Sigma to pay the expenses incurred by the Florida Department of Agriculture and Consumer Services.  We hold the award was proper and not an abuse of discretion.

                              2

Sigma engaged in a scheme to bring adulterated shrimp into the United States where the shrimp were to be sold fraudulently. Federal agents executed a search warrant and discovered the adulterated, decomposed shrimp. Because these agents lacked the authority to immediately stop the sale of the shrimp, the Florida Department of Agriculture and Consumer Services was asked to come in and take appropriate action. It did and the shrimp were kept off the market. Both the federal authorities and the state agency incurred costs. The district court ordered all of these costs paid by Sigma.

Sigma objects to only the $143,001.30 awarded to FDACS. It argues that FDACS was neither a party nor an intervenor in this action and that 21 U.S.C. § 334 simply does not reach so far.

21 U.S.C. § 334(d)(1) provides:

Any food, drug, device, or cosmetic condemned under this section shall, after entry of the decree, be disposed of by destruction or sale as the court may, in accordance with the provisions of this section, direct and the proceeds thereof, if sold, less the legal costs and charges, shall be paid into the Treasury of the United States; but such article shall not be sold under such decree contrary to the provisions of this chapter or the laws of the jurisdiction in which sold. After entry of the decree and upon the payment of the costs of such proceedings and the execution of a good and sufficient bond conditioned that such article shall not be sold or disposed of contrary to the provisions of this chapter or the laws of any State or Territory in which sold, the court may by order direct that such article be delivered to the owner thereof to be destroyed or brought into compliance with the provisions of this chapter under the supervision of an officer or employee duly designated by the Secretary, and the expenses of such supervision shall be paid by the person obtaining release of the article under bond.

21 U.S.C. § 334(e) reads:

3

> When a decree of condemnation is entered against the article, court costs and fees, and storage and other proper expenses, shall be awarded against the person, if any, intervening as claimant of the article.

The district court followed the provisions of the statutory scheme in setting the conditions under which Sigma could reprocess this shrimp into "chum" (bait for fishing operations). A portion of the "proper expenses" found by the district court was that incurred by the FDACS. These costs are not duplicative of any others and there is no dispute over the reasonableness thereof. Although we find no existing precedent on point, we think the plain language of the statutes involved provides ample authority for the ruling. There is simply no indication that only expenses incurred by the federal government are covered or that only parties may be so protected. Under the facts of this case, about which there is no dispute, we find no abuse of discretion.

The judgment of the district court is AFFIRMED.